IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO JESUS BENAVIDES,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY OF ARVIN and STEVEN SCHMICK,<br><br>    Defendants.<br>_____/ | CASE NO. F CV 12-0405 LJO GSA<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS** (Doc. 11) |

## INTRODUCTION

Defendants City of Arvin ("City") and Steven Schmick ("Officer Schmick") (collectively "defendants") move to dismiss plaintiff Orlando Jesus Benavides' ("Mr. Benavides'") complaint pursuant to Fed. R. Civ. P. 12(b)(6) and *Heck v. Humphrey*, 512 U.S. 477 (1994). Defendants argue that Mr. Benavides' complaint must be dismissed in its entirety pursuant to the *Heck* doctrine, because permitting him to proceed with any claim would undermine Mr. Benavides' prior state conviction pursuant to California Penal Code §69. Defendants argue that the *Heck* doctrine applies to preclude all of Mr. Benavides' claims, including his Fourth Amendment and *Monell* claims brought pursuant to 42 U.S.C. §1983 ("Section 1983") and his state law claims. In opposition, Mr. Benavides argues that defendants have failed to demonstrate that judgment in his favor necessarily implies the invalidity of his conviction. Having considered the parties arguments and relevant case law, this Court finds that the *Heck* doctrine precludes some, but not all, of the allegations upon which Mr. Benavides' claims are based. Accordingly, this Court GRANTS in part and DENIES in part defendants' motion to dismiss.

1

# Background

## Complaint

Mr. Benavides alleges the following six causes of action against defendants:

1. Unreasonable and excessive use of force in violation of the Fourth Amendment and Section 1983;
2. Assault;
3. Battery;
4. Violation of the Bane Civil Rights Act, California Civil Code 52.1;
5. Intentional Infliction of Emotional Distress; and
6. Negligence.

Mr. Benavides' claims are based on the following allegations contained in this complaint, which this Court accepts as true in this Fed. R. Civ. P. 12(b)(6) motion.

On February 16, 2011, between 12:45 a.m. and 1:15 a.m., Officer Schmick, while acting in the scope of his employment as a police officer with the Arvin Police Department, and under color of law, intentionally, deliberately indifferently, recklessly or negligently seized the person of and used against force against Mr. Benavides. Mr. Benavides alleges that Officer Schmick shot him with a firearm without any reason or justification or without probable cause to believe, or a reasonable belief, that he was in danger of sustaining bodily injury or death.

In the alternative, and in the event that defendants contend that Mr. Benavides provoked the use of force or was resisting defendants, Mr. Benavides alleges that Officer Schmick's use of force was nevertheless objectively unreasonable and excessive, and he continued to use unreasonable and excessive force on Mr. Benavides even after he was subdued. Mr. Benavides' alternative argument asserts that even if Officer Schmick subjectively believed that he was under threat or was acting in self-defense, then such belief, even if true, was unreasonable and negligent, and the amount of force used in response to the subjective threat was unreasonably excessive and negligent.

Mr. Benavides alleges that Officer Schmick conspired with unnamed defendants to assault and batter him, violate the Bane Civil Rights Act, and to allow the wrongful conduct by agreeing not to intervene or stop the wrongful conduct.

Mr. Benavides' Fourth Amendment claim also appears to assert *Monell* liability against the City. Mr. Benavides alleges that the City knew or should have known that the training, policies, customs and practices regarding the use of force against suspects was inadequate and that it was obvious that a failure to correct them would result in future incidents of use of force. Mr. Benavides further alleges that the City was, inter alia, deliberately indifferent to the probability of that the inadequate policies and training would cause injuries and failed to correct them. Mr. Benavides alleges that the City knowingly permitted the occurrence of the types of wrongs set forth above and are liable for all of Mr. Benavides' injuries pursuant to *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978) and the *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989).

### Defendants' Request for Judicial Notice

Defendants base their motion to dismiss on facts outside of the complaint. These facts relate to the defendants' assertion that pursuant to *Heck*, Mr. Benavides' claims are precluded because they would question the validity of his prior conviction pursuant to California Penal Code §69. Defendants argument relies, in part, on the alleged factual basis of his prior conviction. Defendants attempt to insert these into this record by requesting judicial notice of several exhibits. Before this Court may consider the facts relied on by defendants, however, the Court must consider the judicial notice request, as discussed more fully below.

### Procedural History

Mr. Benavides initiated this action against defendants on March 16, 2012. Defendants moved to dismiss Mr. Benavides' complaint on April 19, 2012. As noted above, defendants' motion to dismiss included a request for judicial notice of several attached exhibits. Mr. Benavides opposed both the motion to dismiss and request for judicial notice on May 8, 2012. Defendants filed a reply on May 15, 2012. This Court found this motion suitable for a decision without a hearing. Accordingly, this Court vacated the May 22, 2012 hearing on this motion pursuant to Local Rule 230(g) and issues the following order.

### REQUEST FOR JUDICIAL NOTICE

Before addressing the merits of defendants' arguments, this Court must address defendants' request for judicial notice since defendants' arguments in this Fed. R. Civ. P. 12(b)(6) motion are based

on facts outside of the complaint. Defendants request this Court take judicial notice of their exhibits and the facts stated therein. In addition to requesting judicial notice of the complaint filed in this action, defendants request this Court to take judicial notice of the following documents:

1. Court Case Events/Court Docket for the matter of *People v. Benavides*, Case No. BF135750A (Exhibit B);
2. Criminal Information in the matter of *People v. Benavides*, dated April 20, 2011 (Exhibit C);
3. Certified Court Reporter's Transcript of the Change of Plea on September 23, 2011, in the matter of *People v. Benavides* (Exhibit D);
4. Criminal *Tahl* Form dated September 23, 2011 in the *People v. Benavides* (Exhibit E);
5. Arvin Police Department Crime Report (#AP11-0307) and associated documents on file with the Superior Court of California, county of Kern as Exhibit 1 to Plaintiff's Motion for Discovery of Police Personnel Records dated April 1, 2011 (Exhibit F); and
6. Certified Court Reporter's Transcript of the Preliminary Hearing on April 15, 2011, in the matter of *People v. Benavides*.

To be judicially noticeable, a fact must not be subject to a reasonable dispute because it must be either generally known within the territorial jurisdiction of the court or "capable of accurate and ready determination by sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. In their request for judicial notice, defendants assert, without discussion, that all of the documents attached as exhibits are not subject to reasonable dispute.

Mr. Benavides objects to the request for judicial notice of Exhibits C, E, F, and G. Those exhibits constitute the criminal information (Exhibit C); the Criminal *Tahl* form (Exhibit E), the police crime report (Exhibit F), and the transcript of the preliminary hearing (Exhibit G) in Mr. Benavides' underlying state court criminal action. For the following reasons, this Court finds that these exhibits are not the proper subject of judicial notice.

This Court takes judicial notice of public records not subject to reasonable dispute. *See Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354-55 (7th Cir. 1995) (court properly refused to take judicial notice of corporation's SEC form to determine disputed fact because "its contents were

4

subject to dispute"). "Judicial notice is appropriate for records and reports of administrative bodies." *United States v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008). While some public records are the proper subject of judicial notice, this Court may not take judicial notice, of documents filed with an administrative agency to prove the truth of the contents of the documents. This Court declines to take judicial notice of the police report. *See Pina v. Henderson*, 752 F.2d 47, 50 (2d Cir. 1985) (holding that the existence and content of a police report are not properly the subject of judicial notice), cited with approval in *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003); *see also*, *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983) (stating the general rule that "a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it"); *Knowles v. Benecia*, 785 F. Supp. 2d 936, 939 n. 2 (E.D. Cal. 2011) (rejecting judicial notice request of a computer-generated police dispatch report, because it was subject to reasonable dispute). Moreover, the allegedly indisputable facts contained in the police report, the criminal information, and the *Tahl* form, and the statements contained in the transcript of the preliminary hearing are subject to hearsay objections, and do not rise to the "high degree of indisputability" required for judicial notice for their truth. *Jespersen v. Harrah's Operating Co.*, 444 F.3d 1104, 1110 (9th Cir. 2006) (citing Fed. R. Evid. 201 advisory committee's note). For these reasons, this Court DENIES defendants' request for judicial notice of Exhibits C and E-G. This Court GRANTS defendants' unopposed request for judicial notice of Exhibits A (complaint in this action), B (court docket in the underlying criminal action), and D (transcript of change of plea hearing in the underlying criminal action).

## MOTION TO DISMISS

### I.     Standard of Review

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint. A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint,

construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a motion to dismiss, the plaintiff or counterclaimant must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (internal citations omitted). Thus, "bare assertions...amounting to nothing more than a 'formulaic recitation of the elements'...are not entitled to an assumption of truth." *Iqbal*, 129 S. Ct. at 1951 (quoted in *Moss v. United States Secret Serv.*,572 F.3d 962, 969 (9th Cir. 2009)). A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). In practice, a counterclaim "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562.

**II.     The *Heck* Doctrine**

Defendants' position is based on the *Heck* doctrine. *Heck* precludes a Section 1983 claim based on actions which would "render a conviction or sentence invalid" where that conviction has not been reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck*, 114 S.Ct. at 2372. "*Heck*, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought,

the 1983 action must be dismissed." *Smithhart v. Towers*, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam). "Consequently, the relevant question is whether success in a subsequent 1983 suit would "necessarily imply" or "demonstrate" the invalidity of the earlier conviction or sentence...." *Beets v. County of LA*, 669 F.3d 1038, 1042 (9th Cir. 2011) (quoting *Heck*, 512 U.S. at 487).

The *Heck* doctrine appears to apply in this instance. Although this Court has denied in part defendants' request for judicial notice, this Court has taken judicial notice of certain documents, including the court docket in the underlying criminal action and the transcript of the change of plea hearing in the underlying action. Mr. Benavides did not oppose the judicial notice request of these exhibits and does not argue that certain facts can be disputed reasonably. Based on these documents, it appears that Mr. Benavides entered a plea of nolo contendere to, *inter alia*, a violation of California Penal Code §69 on September 23, 2011. There is no suggestion that this conviction has been reversed, expunged, or otherwise called into question by the issuance of a habeas corpus writ. Because *Heck* applies, this Court shall consider defendants' arguments as they relate to Mr. Benavides' claims.

**III. Whether the *Heck* Doctrine Bars Mr. Benavides' Section 1983 and Fourth Amendment Claim**

Defendants assert that the *Heck* doctrine bars any Section 1983 claim where the plaintiff has an underlying conviction based on the same facts as the Section 1983 claim and that underlying conviction has not been invalidated. Defendants argue that because the issues of the underlying conviction have been resolved, Mr. Benavides is collaterally estopped from relitigating the issues resolved in the state court. Defendants contend that permitting Mr. Benavides to persist with this lawsuit would impermissibly allow the relitigation of the essential elements of the crime for which he was convicted.

Although *Heck* bars certain Section 1983 claims, defendants' blanket application of *Heck* to all Section 1983 claims in all cases involving underlying criminal convictions that are based on the same facts as the Section 1983 action is unsupported by controlling law. Pursuant to *Heck*, if the Section 1983 action necessarily implies the invalidity of the underlying conviction, then the Section 1983 claim is barred. But the *Heck* doctrine does not bar all Section 1983 claims based on an underlying state criminal conviction. An "allegation of excessive force by a police officer would not be barred by *Heck* if it were distinct temporally or spatially from the factual basis for the person's conviction." *Beets*, 669 F.3d 1038,

1042 (citing *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (en banc)).

Mr. Benavides' Section 1983 claim is based in part on the following alternative allegations:

1. Officer Schmick shot him with a firearm without any reason or justification or without probable cause to believe, or a reasonable belief, that he was in danger of sustaining bodily injury or death.

2. In the alternative, Officer Schmick's use of force was nevertheless objectively unreasonable and excessive. Mr. Benavides' alternative argument asserts that even if Officer Schmick subjectively believed that he was under threat or was acting in self-defense, then such belief, even if true, was unreasonable and negligent, and the amount of force used in response to the subjective threat was unreasonably excessive and negligent.

3. Officer Schmick continued to use unreasonable and excessive force on Mr. Benavides even after he was subdued.

Mr. Benavides was convicted of California Penal Code §69, which reads:

> Every person who attempts, by means or any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly resists, by the use of force or violence, such officer, in the performance of his duty, is punishable by a fine not exceeding ten thousand dollars ($10,000) or by imprisonment..., or in county jail not exceeding one year, or by both such fine and imprisonment.

*Id*. This statute "sets forth two separate ways in which an offense can be committed. The first is attempting by threats or violence to deter or prevent an officer from performing a duty imposed by law; the second is resisting by force or violence an officer in the performance of his or her duty." *In re Manuel G.*, 16 Cal. 4th 805, 814 (1997).

Defendants argue that Mr. Benavides' Section 1983 claim necessarily calls into question an element of the underlying claim. Relying on *People v. Wilkins*, 14 Cal. App. 4th 761 (1993), defendants point out that an element of California Penal Code 69 requires the officer at the time of the offense to be engaged in the lawful performance of his or her duties. "This means, where the offense is committed upon an officer effecting an arrest the arrest must have been lawful." *Id*. at 776. The Court points out that this is an element of the second way in which a California Penal Code §69 offense can be

committed. For the first, an officer must be performing a duty imposed by law.

"In California, the lawfulness of the officer's conduct is an essential element of the offense of resisting, delaying, or obstructing a peace officer." *Smith*, 394 F.3d at 695 (citing *People v. Curtis*, 70 Cal.2d 347, 354-56, 357 n.9 (1969); *Susag v. City of Lake Forest*, 94 Cal. App. 4th 1401, 1409 (2002)). "If the officer was not performing his or her duties at the time of the arrest, the arrest is unlawful and the arrestee cannot be convicted under [a resisting arrest statute]." *Id*. "Excessive force used by a police officer at the time of the arrest is not within the performance of the officer's duty." *Smith*, 394 F.3d at 696 (citing *People v. Olguin*, 119 Cal. App. 3d 39 (1981)) ("An arrest made with excessive force is equally unlawful. '[It] is a public offense for a peace officer to use unreasonable and excessive force in effecting an arrest.'"); *People v. White*, 101 Cal. App. 3d 161, 167 (1980) ("Thus, in the present case it becomes essential for the jury to be told that if they found the arrest was made with excessive force, the arrest was unlawful and they should find the defendant not guilty of those charges which required the officer to be lawfully engaged in the performance of his duties ([Cal. Penal Code] §§ 245, subd. (b), 243 and 148)."). Based on this authority, success on a claim of excessive force would necessarily imply the invalidity of the conviction, because Mr. Benavides could not have been lawfully convicted of California Penal Code §69 if Officer Schmick used excessive force during the time of the arrest.

In opposition, Mr. Benavides focuses on the temporal distinction between a claim of excessive force during the time of the arrest and a claim of excessive force based on alleged actions that took place *after* the arrest was complete. In *Smith*, the Ninth Circuit made clear that a claim of excessive force based on actions that took place either before or after the time of the arrest would temporally distinct from the arrest and would not necessarily imply the invalidity of the arrest. 394 F.3d at 696. Only excessive force used at the time of the arrest would necessarily imply the invalidity of the arrest. Thus, Section 1983 claims based on these actions either before or after the "time of the arrest" would not be barred by *Heck*. *Id*.

Pursuant to *Smith*, *Smithhart*, and *Beets*, this Court finds that Mr. Benavides' Section 1983 claim is not barred by *Heck* to the extent that Mr. Benavides alleges that Officer Schmick used excessive force against him either before or after the time of the arrest. Mr. Benavides' Section 1983 claim is dismissed to the extent that Mr. Benavides challenges that lawfulness of the arrest and the conduct upon which the

underlying conviction was based. To the extent Mr. Benavides alleges that he was arrested without probable cause, for example, the claim would be dismissed pursuant to *Heck*. In addition, Mr. Benavides' Section 1983 claim is dismissed to the extent that Mr. Benavides alleges that Officer Schtick used excessive force at the time of the arrest.

Moreover, this Court cannot issue a blanket application of *Heck* where, as here, this Court cannot ascertain the underlying facts of the conviction. As *Smith* explained:

> [W]here a § 1983 plaintiff has pled guilty or entered a plea of nolo contendere, such as Smith and Sanford did, it is not necessarily the case that the factual basis for his conviction included the whole course of his conduct. In the case of a guilty plea or plea of nolo contendere, as the dissent acknowledges, a defendant is free to admit having committed a specific act or acts of resistance, delay, or obstruction, to identify the particular acts of unlawfulness to which he is willing to plead, and to deny that he engaged in other specific acts. Because Smith pled guilty rather than being convicted by a jury, it is entirely possible that, as he contends, his plea was based on only those actions that served to obstruct the officers' investigation, all of which occurred prior to, rather than at the time of, the arrest.

*Id*. at 696 n.5; *see also*, *id*. at 698 ("Neither party … was able to identify the facts underlying the plea … ."); *Sanford v. Motts,* 258 F.3d 1117, 1119 (9th Cir. 2001) ("Nothing in the record informs us what the factual basis was for Sanford's plea … ."). According to the transcript of the change of plea hearing in the underlying criminal action, Mr. Benavides did not agree to a factual basis. An unidentified factual basis was "stipulated" by counsel. That factual basis was not explained or addressed by Mr. Benavides.

Because this Court cannot ascertain the asserted alleged facts of the underlying conviction, this Court cannot determine whether Mr. Benavides' excessive force allegations are temporally distinct from the facts that form the basis of the underlying conviction. Viewed in a light most favorable to Mr. Benavides, this Court must construe Mr. Benavides' allegations, particularly the allegation that Officer Schmick used excessive force against him after he was subdued, as being temporally distinct from his arrest. Accordingly, Mr. Benavides' Section 1983 and Fourth Amendment claim survives to this extent.

**IV.    Whether the *Heck* Doctrine Bars Mr. Benavides' Section 1983 *Monell* Claims**

Defendants argue that Mr. Benavides' Section 1983 claim is barred by Heck to the extent that he claims a *Monell* or *City of Canton* claim, because Mr. Benavides cannot demonstrate that the underlying conduct of the officer violated his Fourth Amendment right to be free from excessive force. Defendants' arguments are based on the arguments asserted above that all of Mr. Benavides' excessive

force claims are barred by the *Heck* doctrine. But because this Court finds that Mr. Benavides may pursue a Section 1983 claim to the extent that those allegations are distinct temporally from the time of his arrest, defendants' argument fails.

Mr. Benavides has alleged facts that, if accepted as true, establishes a *Monell* claim. Mr. Benavides alleges facts may demonstrate an underlying Fourth Amendment violation for excessive force. Mr. Benavides further alleged the other relevant elements of a *Monell* or *City of Canton* claim; to wit, that the City knew or should have known that the training, policies, customs and practices regarding the use of force against suspects was inadequate and that it was obvious that a failure to correct them would result in future incidents of use of force. Mr. Benavides further alleges that the City was, *inter alia*, deliberately indifferent to the probability of that the inadequate policies and training would cause injuries and failed to correct them. Mr. Benavides alleges that the City knowingly permitted the occurrence of the types of wrongs set forth above and are liable for all of Mr. Benavides' injuries pursuant to *Monell*. For these reasons, the motion to dismiss is denied in part to the extent that Mr. Benavides' claim is based on allegations not barred by *Heck*.

**V. Whether the *Heck* Doctrine Bars Mr. Benavides' State Law Claims**

Mr. Benavides' complaint asserts five state law causes of action, including:

1. Assault (second cause of action);
2. Battery (third cause of action);
3. Violation of the Bane Civil Rights Act, Cal. Civ. Code §52.1 (fourth cause of action);
4. Intentional Infliction of Emotional Distress (fifth cause of action); and
5. Negligence (sixth cause of action).

Defendants assert that the Heck doctrine has been applied to California state causes of action to bar Mr. Benavides' state law claims.

Although *Heck* is a rule of federal law that applies only to a Section 1983 claim that challenges the validity of a state conviction, the California Supreme Court has found no "reason to distinguish between section 1983 and a state tort claim arising from the same alleged misconduct. *Yount v. Sacramento*, 43 Cal. 4th 885, 902 (2008) (dismissing battery claim based on *Heck* reasoning). The court reasoned that "Section 1983 creates a species of tort liability and has been described as the federal

counterpart of state battery or wrongful death actions." *Susag v. City of Lake Forest*, 94 Cal.App.4th 1401, 1413 (2002) (applying *Heck* reasoning to dismiss assault, battery, intentional infliction of emotional distress, and false imprisonment claims). The courts point out that common law causes of action, like the Section 1983 claim, require proof that the police officer used unreasonable force. *Id.*; *see also*, *Yount*, 43 Cal. 4th at 902. For these reasons, state tort causes of action are properly dismissed if they are based on the same facts as those of the underlying criminal conviction that would necessarily imply the invalidity of the conviction.

To the extent that Mr. Benavides' state law claims are based on conduct that is barred by *Heck*, those claims are also barred. As discussed more fully above, however, Mr. Benavides may pursue claims based on alleged excessive force that took place either before or after the time of his arrest for California Penal Code §69. He may also pursue claims based on activities that are distinct from the factual basis of the underlying conviction, since those claims would not necessarily imply the invalidity of that state criminal conviction. Accordingly, Mr. Benavides' state law claims survive to the extent that they are based on allegations that are not barred by *Heck*, as explained in this opinion.

### CONCLUSION AND ORDER

For the foregoing reasons, this Court:

1. DISMISSES Mr. Benavides' claims to the extent that they rely on facts underlying his California Penal Code 69 conviction such that a judgment in his favor would necessarily imply the invalidity of the underlying conviction (i.e., allegations of excessive force based on actions taken during the time of the arrest);

2. DENIES defendants' motion to dismiss to the extent that Mr. Benavides' claims are based on allegations not barred by Heck; to wit, allegations that are temporally distinct from the time of his arrest; and

3. GRANTS Mr. Benavides' request for leave to amend. An amended complaint shall be filed and served no later than June 12, 2012.

IT IS SO ORDERED.

**Dated:   May 25, 2012**            /s/ Lawrence J. O'Neill
                              UNITED STATES DISTRICT JUDGE